```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
 CYRIS JEWELS,

                    Plaintiff,
                                                    ORDER
          - against -
                                                    12-cv-1895 (KAM)(JMA)
 MARK CASNER, et al.

                    Defendants.
----------------------------------------X
```

**MATSUMOTO, United States District Judge:**

On April 17, 2012, plaintiff Cyris Jewels ("plaintiff") filed a complaint against various defendants, including Concord Family Services, Inc. ("Concord"), alleging claims pursuant to 42 U.S.C. § 1983 and New York state law. (ECF No. 1, Compl. filed 4/17/12.) On January 29, 2013, plaintiff requested a Certificate of Default against defendant Concord, on the basis that Conford failed to plead or otherwise defend the action. (ECF No. 27, Request for Certificate of Default dated 1/29/13.) On the same day, the Clerk of Court entered a Certificate of Default against defendant Concord pursuant to Federal Rule of Civil Procedure 55(a). (ECF No. 28, Certificate of Default dated 1/29/13.) On November 23, 2013, counsel for defendant Concord requested a vacatur of the default pursuant to Federal Rule of Civil Procedure 55(c), and advised the court that plaintiff consented to the request. (ECF No. 45, Mot. to Vacate dated 11/20/13.)

1

Pursuant to Federal Rule of Civil Procedure 55(c), a court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). Here, defendant Concord, which is no longer in business, had not previously secured representation due to the actions of its insurance carrier. (*See* Mot. to Vacate at 1-2.) As soon as representation was secured, Concord contacted plaintiff's counsel and obtained consent to vacate the default certification. (*Id.*) In addition, the court notes that discovery in this action is still in the early stages, and that no party would be prejudiced by vacating the certificate of default against Concord.

Accordingly, the court finds that there is good cause to set aside the entry of default against defendant Concord. Defendant Concord's motion to vacate the entry of default certification is granted. Concord shall serve and file its Answer by December 6, 2013, and appear at the upcoming conference scheduled for December 16, 2013 before the Hon. Joan M. Azrack.

**SO ORDERED.**

Dated:  December 3, 2013
        Brooklyn, New York

_____/s/_____
Kiyo A. Matsumoto
United States District Judge