```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
 CYRIS JEWELS,

                Plaintiff,
                                                    MEMORANDUM & ORDER
          - against -
                                                    12-cv-1895 (KAM)(SLT)
 MARK CASNER, et al.

                Defendants.
----------------------------------------X
```

**MATSUMOTO, United States District Judge:**

        On April 17, 2012, plaintiff Cyris Jewels ("plaintiff") filed a complaint against various defendants — including Concord Family Services, Inc. ("Concord"), HeartShare Human Services ("HeartShare"), and the City of New York (the "City") — alleging claims under 42 U.S.C. § 1983 ("§ 1983") and New York state law. (ECF No. 1, Complaint ("Compl.").) Plaintiff alleged that defendants failed to protect him from abuse while he was in the custody of New York City's foster care system.

        The parties' current dispute arose from the inability of the City to locate records regarding plaintiff and the magistrate judge's ruling that records regarding plaintiff's siblings and other foster children who were assigned to the same homes or facilities as plaintiff were relevant to determining the circumstances under which plaintiff lived as a foster child and whether defendants had notice of those circumstances. Plaintiff challenges the permissibility of certain redactions to non-party

1

foster care records made by the City before it produced the records pursuant to plaintiff's discovery requests. The City has appealed an April 6, 2016 decision by the magistrate judge limiting the redactions to information that could identify any non-party. For the reasons provided herein, the magistrate judge's decision is AFFIRMED.

## BACKGROUND

Plaintiff brought this action against the City, Concord, and HeartShare, as well as various employees of those three entities, alleging that they placed him in an abusive environment and failed to protect him from abuse. Discovery in this case has proceeded for nearly four years, but is scheduled to close on August 15, 2016 after numerous extensions. (ECF No. 133.)

As noted above, the instant dispute concerns the City's redactions of non-party foster care records maintained by the New York City Administration for Children's Services ("ACS") — New York City's child protective agency — and foster care agencies Concord and HeartShare. There are essentially three categories of discovery requests at issue in the City's objections: (1) plaintiff's request for his two sisters' complete case files and child abuse investigation records from the sisters' time in the foster care system; (2) plaintiff's requests for progress notes on other children who lived in two foster homes where plaintiff alleges that he was abused; and (3) plaintiff's requests for the child abuse

investigation records of other children who lived in two foster homes where plaintiff alleges that he was abused.[1] Plaintiff sought non-party records because defendants were unable to find or produce nearly a decade's worth of records detailing plaintiff's interactions with caseworkers and his day-to-day interactions with his foster families. (ECF No. 134, Plaintiff's Response to Defendant City's Objections to the Orders of the Magistrate Judge ("Pl. Mem.") at 1-2.)

On January 7, 2016, a joint letter was filed regarding the City's production and redaction of the aforementioned documents. (ECF No. 112.) A detailed and lengthy conference was held by the magistrate judge to address the production and redaction issues, as well as other issues, on January 11, 2016. (See 1/11/16 docket entry.) At the January 11, 2016 conference, the magistrate judge ruled that the documents regarding the conditions at the homes and facilities where plaintiff lived and the defendants' awareness of those conditions were relevant, and ordered the City to produce the entire ACS case files for plaintiff's sisters who were frequently placed in the same foster care as the plaintiff and, as adults, had consented to the production of their files. (ECF No. 122, Transcript of January 11, 2016 Conference ("1/11/16 Tr.") at 66; Pl. Mem. at 7-8.)

---

[1] The City represents that it has now turned over all child abuse investigation records of other children who lived in the two foster homes where plaintiff alleges that he was abused. (ECF No. 132, Objections to

To address the City's concerns regarding the confidentiality of sensitive information about non-parties, the magistrate judge permitted the City to redact information "that doesn't shed light on the care that Mr. Jewels was getting" (1/11/16 Tr. at 66; *see also id.* at 90-92) and also appropriately proposed to the parties that they could produce documents under an "attorneys' eyes" only confidentiality order which would permit the redaction of identifying information and expedite the lengthy discovery process. (*Id.* at 92.) The magistrate judge also ordered the City to determine the scope of the records involved in the demand for other childrens' progress notes and investigative records which had been requested by the plaintiff months earlier. (*Id.* at 92.) Throughout the January 11, 2016 conference, the magistrate judge repeatedly proposed a confidentiality order that would protect the non-parties' identifying information and minimize the need for time consuming and contentious disagreements about redactions. (*Id.* at 45, 48, 54, 66, 70.)

The parties subsequently submitted a confidentiality order, approved by the court, that memorialized in part the parties' understanding regarding redaction:

> The names, contact information, birth dates, social security numbers and all other identifying information of all individuals who are non-parties to this action and are not employees of any of the defendants shall be redacted. Personal information, including medical information, shall also be redacted to the extent same

---

Magistrate's Order at 5 n.8.)

4

> does not bear on the level of care provided by [the two
> foster families at issue], or the condition of the [two
> foster families' homes].

(ECF No. 117, at ¶ 14; *see* also 1/25/16 docket entry.) At a teleconference on February 17, 2016, the magistrate judge left space for the parties to work out any additional details regarding redactions of plaintiff's sisters' records. (ECF No. 119, at 2; *see also* ECF No. 131, Transcript of April 6, 2016 Conference ("4/6/16 Tr.") at 47-48 (explaining that the 15,000-page production relates to the sisters' records).)

After the City produced electronic case records for one of plaintiff's sisters, plaintiff complained that the redactions were excessive and at least some of the redactions covered information relevant to plaintiff's claims. (ECF No. 123.) Because the City had previously produced some of the same documents with fewer redactions, plaintiff was able to compare the two sets of documents to view the redacted information. (*Id.*) A joint letter was submitted to the magistrate judge regarding the redactions, and another conference was scheduled.

The magistrate judge held a second conference on the redaction issue on April 6, 2016. At the conference, the magistrate judge noted that "[t]o the extent there was some disagreement [about redaction], you had the opportunity to work it out. You haven't been able to work it out." (4/6/16 Tr. at 19.) The magistrate judge then ordered that the production be made

5

> with as minimal redactions as possible. So take out, if
> we don't already know about these children, the
> children's names. This kind of information that I'm going
> to describe. Their birth dates, their social security
> [numbers], their phone numbers, their addresses. If
> there's a very explicit physical description that you
> would know which child it is, . . . you can redact that.
> But care, advisory notes, anything . . . plaintiff is
> entitled to get a full picture of what was going on in
> the home. . . .
>
> The way in which the foster parents were providing care
> to plaintiff and to the children who were in their care,
> certainly could be relevant evidence that depending on
> how it comes out, plaintiff would be able to offer,
> especially since part of plaintiff's claim may end up
> being, the City was on notice. They were [on] notice
> either because they had [] information when they
> initially took these foster parents in, or because of
> complaints made about them, or because of inspections
> that were made . . . .
>
> And there is really very little to be gained with regard
> to the privacy of these people who were in the foster
> care system years ago by redacting large swaths of
> information.

(4/6/16 Tr. at 17-18.) The magistrate judge's 4/6/16 order reached beyond the plaintiff's sisters' case files. It appeared to require production of progress notes concerning the other children who lived in the two homes where plaintiff alleges he was abused, and to limit redactions to identifying information. (*But see* ECF No. 138, Reply to Plaintiff's Response to Objections to Magistrate's Order ("Def. Reply") at 1; 4/6/16 Tr. at 42-43.)

The City has objected to the magistrate judge's April 6, 2016 order regarding redaction. (ECF No. 132, Objections to Magistrate's Order ("City Mem.").) Plaintiff opposed the motion (Pl. Mem.), and the City subsequently filed a reply. (Def. Reply.)

Because the City represents that it has now turned over all child abuse investigation records of other children who lived in the two foster homes where plaintiff alleges that he was abused (City Mem. at 5 n.8), the court confines its analysis of the City's objections to orders regarding the City's redactions of plaintiff's sisters' case files and progress reports concerning other children who lived in the two foster homes where plaintiff claims he was abused.

## LEGAL STANDARD

The court reviews a magistrate judge's decisions concerning non-dispositive pretrial matters under the "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *see also Caidor v. Onondaga Cty.*, 517 F.3d 601, 605 (2d Cir. 2008) ("Matters concerning discovery generally are considered nondispositive of the litigation." (internal quotation marks and citation omitted)).

An order is "clearly erroneous" only when the reviewing court, in evaluating all of the evidence, "is left with the definite and firm conviction that a mistake has been committed." *Centro De La Comunidad Hispana De Locust Valley v. Town of Oyster Bay*, 954 F. Supp. 2d 127, 139 (E.D.N.Y. 2013) (internal quotation marks and citation omitted). An order is "contrary to law" when it "'fails to apply or misapplies relevant statutes, case law or rules of procedure.'" *E.E.O.C. v. First Wireless Grp., Inc.*, 225 F.R.D.

404, 405 (E.D.N.Y. 2004) (quoting *Weiss v. La Suisse*, 161 F. Supp. 2d 305, 320-21 (S.D.N.Y. 2001)). "[I]t is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the district judge." 12 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3069 (2d ed. 2015).

### **DISCUSSION**

The City argues that: (1) the magistrate judge improperly refused to permit redactions of irrelevant material; (2) the magistrate judge provided no legal basis for altering her January 11, 2016 ruling regarding redactions; and (3) the magistrate judge "ignor[ed] outright the underlying state policy concerns" supporting redactions. (City Mem. at 6-9.)

I.  *Relevance and Redaction*

The threshold issue is whether the City is entitled to redact information in otherwise responsive documents that it unilaterally decides is irrelevant to plaintiff's claims. For the same reasons articulated by the magistrate judge, this court concludes that plaintiff's sisters' case files and the progress notes for the other children who lived in the same foster homes as plaintiff are relevant to plaintiff's claims and that the City is not entitled to any redactions beyond the redactions contemplated by the magistrate judge's 4/6/16 order.

A.  *Law on Relevancy and Redaction*

The recently amended Fed. R. Civ. P. 26(b)(1) provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

The City has cited no authority — and the court has found none — upholding a party's right to redact from admittedly responsive and relevant documents information based on that party's unilateral determinations of relevancy. Indeed, courts in this circuit have often rejected defendants' requests for redaction of irrelevant text within relevant documents. *See, e.g.*, *In re State St. Bank & Trust Co. Fixed Income Funds Inv. Litig.*, No. 08-CV-0333, 2009 WL 1026013, at *1 (S.D.N.Y. Apr. 8, 2009) (finding that redactions "on the ground that the portion is non-responsive and irrelevant" are "generally unwise," likely to "breed suspicions," and "may deprive the reader of context"); *Howell v. City of New York*, No. 06-CV-6347, 2007 WL 2815738, at *2 (E.D.N.Y. Sept. 25, 2007) ("The defendants have not sought to withhold from discovery, on grounds of irrelevance, the document in which the redacted information appears. It is not the practice of this court to permit

parties to selectively excise from otherwise discoverable documents those portions that they deem not to be relevant."); *United States v. Davis*, No. 85-CV-6090, 1988 WL 96843, at *3 (S.D.N.Y. Sept. 13, 1988) (refusing to permit "broad redactions on relevancy claims of certain material, in connection with the production of concededly relevant, related material").

    B.    *Application*

As an initial matter, the transcripts of the conferences on January 11, 2016 and April 6, 2016 establish that the magistrate judge weighed the foregoing factors including relevance, privilege, proportionality, access to information, and resources, and she carefully balanced the burdens and benefits of discovery. (1/11/16 Tr. at 62, 95; 4/6/16 Tr. at 16-19, 43-44.) The City has failed to produce nearly a decade's worth of plaintiff's case files, claiming that they cannot locate the files. Given the absence of plaintiff's own files, plaintiff must rely more heavily than he otherwise might on documents that do not *directly* relate to his own alleged mistreatment in New York's foster care system. Consequently, his sisters' case files and the progress notes of the other children who lived in the two foster homes where plaintiff claims he was abused have taken on a unique significance and relevance in this action. The City argued that the sisters' case files and the progress notes are not relevant in this action; the magistrate judge disagreed. (4/6/16 Tr. at 16-18.) This court finds that the

magistrate judge correctly determined that the sisters' case files and the progress notes of other foster children were relevant.

The City argues that it may redact information (within responsive, otherwise relevant documents) that it deems irrelevant to plaintiff's claims. The court concludes that the magistrate judge's 4/6/16 decision to limit redactions to identifying information was not clearly erroneous or contrary to law. The documents, in their entirety, are relevant to plaintiff's claims. As the magistrate judge explained, "plaintiff is entitled to get a full picture of what was going on in the home." (4/6/16 Tr. at 17.) The City's unilateral action has apparently raised the plaintiff's suspicions, and has deprived the plaintiff of context. Indeed, the magistrate judge sought to avoid this very circumstance when she suggested that the parties confer about the nature of the records located by the City and the City's proposed redactions. As the magistrate judge appropriately suggested, the City should not make redactions without consulting the plaintiff's counsel. (4/6/16 Tr. 16-19.)

Because the City has produced certain documents twice — once through an Assistant Corporation Counsel, with limited redactions, and a second time through current counsel, with more substantial redactions — it is possible to evaluate whether the redactions did in fact cover irrelevant material. Although the City provided examples of redactions that may well be irrelevant to

plaintiff's claims (*see* City Mem. at 7), plaintiff has established that other redactions covered plainly relevant material. (*See* Pl. Mem. at 11.) This court finds that the magistrate judge's decision to limit redactions to identifying information in the 4/6/16 order was neither clearly erroneous nor contrary to law because there is no right to make substantive unilateral redactions, because the City's concerns about non-party privacy are adequately addressed by the confidentiality order, and because the parties' disagreement about this and myriad other issues has prolonged a protracted, four-year discovery dispute.

## II. *Legal Authority to Alter Discovery Order*

The City next argues that the magistrate judge had no authority to alter her initial ruling on redaction. (City Mot. at 7.) The court disagrees.

As an initial matter, Fed. R. Civ. P. 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and *may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities*." Fed. R. Civ. P. 54(b) (emphasis added); *see also Arias v. DynCorp*, 856 F. Supp. 2d 46, 51 (D.D.C. 2012) ("Courts may reconsider any interlocutory decision such as a discovery ruling . . . at any time before the entry of a judgment

adjudicating . . . all the parties' rights and liabilities." (internal quotation marks and citations omitted) (discussing Fed. R. Civ. P. 54(b))). Because the magistrate judge's discovery decision did not end the action as to any claim or party, the magistrate judge was entitled to revisit the decision. Indeed, E.D.N.Y. Local Rule 37.3(d), which provides a mechanism for parties to seek reconsideration of discovery and other non-dispositive pretrial disputes, directly contemplates reconsideration of discovery rulings.

Further, pursuant to the court's instructions at the 1/11/16 conference, the parties submitted – and the court adopted – a confidentiality order. (*See* ECF No. 117; 1/25/16 docket entry.) The confidentiality agreement memorialized at least part of the parties' understanding of the magistrate judge's 1/11/16 order regarding redaction. (*See* ECF No. 117, at ¶ 14.) The confidentiality order also explicitly granted the magistrate judge the right to modify the order. (*See id.*, at ¶ 15 ("The Court reserves the right to modify this Order at any time.").) Accordingly, the court concludes that the magistrate judge was authorized to alter her ruling regarding redactions.

III. *Statutory Confidentiality Concerns*

The City finally argues that the 4/6/16 order improperly ignored state policy concerns underlying N.Y. Soc. Serv. Law § 372

13

("§ 372"), which provides that records of "an authorized agency" (such as ACS) are "confidential." § 372(3).

The City appropriately concedes (*see* City Mem. at 6) that federal law — not state law — governs issues of privilege or confidentiality when the underlying claims arise under a federal statute like 42 U.S.C. § 1983. See Fed. R. Evid. 501; *United States v. Goldberger & Dubin, P.C.*, 935 F.2d 501, 505 (2d Cir. 1991) ("[I]n actions . . . which involve violations of federal law, it is the federal common law of privilege that applies."); *Barella v. Vill. of Freeport*, 296 F.R.D. 102, 107 (E.D.N.Y. 2013) ("New York State law does not govern discoverability and confidentiality in federal civil rights actions.").[2] "Rather than apply state privilege law to a federal civil rights claim, the magistrate must vindicate the purposes of federal discovery and privilege law." *King v. Conde*, 121 F.R.D. 180, 187 (E.D.N.Y. 1988). Consequently, federal courts have rejected arguments that documents arguably protected under § 372 need not be turned over in discovery. *See Hallquist v. Chautauqua Cty.*, No. 04-CV-827, 2005 WL 3531587, at *2-3 (W.D.N.Y. Dec. 22, 2005) (requiring production of confidential documents relating to a minor from a county's social services

---

[2] Federal common law also governs privilege and confidentiality concerns when pendent state claims arise — as they do in this action — alongside federal claims. *See von Bulow by Auersperg v. von Bulow*, 811 F.2d 136, 141 (2d Cir. 1987) ("The evidence sought . . . is relevant to both the federal and state claims. In such situations courts consistently have held that the asserted privileges are governed by the principles of federal law.").

14

agency over objections asserted under § 372); *Schwimmer v. Kaladjian*, No. 92-CV-2376, 1995 WL 479418, at *1-2 (S.D.N.Y. Aug. 14, 1995) (compelling production of documents held by a non-party authorized foster care agency in § 1983 action against New York City officials over objections under § 372).

Federal courts should not, however, ignore state privacy rules in federal proceedings. *King*, 121 F.R.D. at 187; *Unger v. Cohen*, 125 F.R.D. 67, 69 (S.D.N.Y. 1989). Instead, a federal court should balance a plaintiff's interest in disclosure against "the state's legitimate concern of the protecting the confidentiality of the requested information." *Bliss ex rel. Bliss v. Putnam Valley Cent. Sch.*, No. 06-CV-15509, 2008 WL 4355400, at *1 (S.D.N.Y. Sept. 22, 2008). New York courts have explained that § 372 "was enacted to protect the confidentiality of social services records regarding children and parents." *Wheeler v. Comm'r of Soc. Servs. of City of New York*, 662 N.Y.S.2d 550, 552 (N.Y. App. Div. 1997) (quoting legislative history); *see also In re L.*, 357 N.Y.S.2d 987, 993-94 (N.Y. App. Div. 1974) ("The statutory privilege of confidentiality is by reason intended to protect at the very least the persons who are the subjects of such records, and, very likely, also those who are the sources of such information.").

The City's argument that the magistrate judge did not appropriately consider the state's legitimate interests ignores the magistrate judge's careful balancing of the factors in Fed. R. Civ.

P. 26(b)(1) in this action. (*See* 1/11/16 Tr. at 62, 95; 4/6/16 Tr. at 16-19, 43-44.) Significantly, defendants have been unable to produce nearly a decade's worth of documents regarding plaintiff's care. (*See* Pl. Mem. at 2 ("[R]ecords from critical periods of time are missing, including almost all of the progress notes detailing the caseworkers' day-to-day interaction with Mr. Jewels and his foster families between 1998 and 2007.").) Recognizing "the lack of records that seem[s] to exist with regard to Mr. Jewels," the magistrate judge appropriately permitted plaintiff discovery into his sisters' case files and the progress notes of the other children who lived in the two homes where plaintiff claims he was abused. (1/6/16 Tr. at 54; *see also id.* at 6, 7 ("[W]e've all spent so much time trying to basically fill in the holes on these missing records."); 4/6/16 Tr. at 16-18.) Given the absence of records, plaintiff's interest in disclosure is particularly strong. *See Hallquist*, 2005 WL 3531587, at *2 ("[T]he overriding interest in a case involving allegations of constitutional torts is full disclosure of information that is pertinent to an assessment of the merits of the claims and defenses." (citations omitted)).

The magistrate judge, however, also recognized the countervailing privacy interests protected by § 372 on multiple occasions in both the 1/11/16 conference and the 4/6/16 conference. During the 1/11/16 conference, the magistrate judge explained that one of the issues that "permeate[s] the various objections

here . . . is this idea that many of the documents that are requested have information about other foster care children and that providing those documents would violate the confidentiality concerns of those children." (1/11/16 Tr. at 43; *id.* at 46 ("[W]e have a privacy concern here for these . . . other individuals."); *see also* 4/16/16 Tr. at 19-20 (discussing "way[s] to protect the interests" of non-parties).) Consequently, the magistrate judge correctly directed the redaction of identifying information regarding non-parties.

The magistrate judge appropriately balanced the plaintiff's interest in obtaining crucial discovery against the privacy interests of non-parties in her 4/6/16 decision. The magistrate judge explained her reasoning as follows:

> Given the volume of production that needs to happen here, . . . getting plaintiff the information about the conditions in the home is very important and [ ] the State confidentiality concerns do not trump this federal action and the discovery issues here, I want this production made with as minimal redactions as possible.
>
> So take out, if we don't already know about these children, the children's names. This kind of information that I'm going to describe. Their birth dates, their social security [numbers], their phone numbers, their addresses. If there's a very explicit physical description that you would know which child it is, . . . you can redact that. But care, advisory notes, anything . . . plaintiff is entitled to get a full picture of what was going on in the home. . . .

(4/6/16 Tr. at 17-18.) The magistrate judge also emphasized the confidentiality order agreed to by the parties – and adopted by the court (ECF No. 117; 1/25/16 docket entry) – that "would lead to a

17

very, very limited dissemination." (4/6/16 Tr. at 20.) In sum, the magistrate judge appropriately and correctly balanced the interests at stake, reached a reasonable conclusion regarding the scope of permissible discovery, and gave full consideration to the state policy concerns underpinning § 372.

## CONCLUSION

For the foregoing reasons, the City's objections to the magistrate judge's carefully reasoned 4/6/16 order are respectfully denied. The 4/6/16 order is AFFIRMED. To the extent that the magistrate judge left any ambiguity about whether her order applied to the progress notes of the other children who were in homes where plaintiff claims he was abused (*see* 4/6/16 Tr. at 42-43; *see also* Def. Reply), the court concludes that the magistrate judge's order to redact only identifying information and to produce sensitive documents under the confidentiality order was correct under the circumstances in this action.

**SO ORDERED.**

　　　　　　　　/s/　　　　　　　　　
KIYO A. MATSUMOTO
United States District Judge

Dated:
May 20, 2016
Brooklyn, New York